UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-cv-22142-GAYLES/GOODMAN

**FANNY B. MILLSTEIN and**
**MARTIN KLEINBART,**

    Plaintiffs,

v.

**WELLS FARGO BANK, N.A.**,

    Defendant.
_____/

# ORDER

**THIS CAUSE** comes before the Court on Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss First Amended Class Action Complaint (the "Motion"). [ECF No. 25]. The action was referred to Chief Magistrate Judge Jonathan Goodman, pursuant to 28 U.S.C. § 636(b)(1)(B), for a ruling on all pretrial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF No. 42]. On January 15, 2025, Judge Goodman issued his report recommending that the Motion be denied (the "Report"). [ECF No. 53].[1] Defendant Wells Fargo Bank ("Wells Fargo") has objected to the Report, [ECF No. 81], and Plaintiffs Fanny B. Millstein and Martin Kleinbart ("Plaintiffs") have responded to the objections, [ECF No. 90].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see*

---

[1] Judge Goodman issued a single report on the related motions to dismiss in this case and *Stermer v. Wells Fargo Bank, N.A.*, Case. No. 24-cv-80722. On February 11, 2025, the Plaintiff Receiver in the *Sermer* action voluntarily dismissed the action without prejudice. *See* 24-cv-80722 [ECF No. 66].

*also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

In the First Amended Complaint, Plaintiffs allege claims against Wells Fargo for aiding and abetting breach of fiduciary duties (Count I), aiding and abetting fraud (Count II), and unjust enrichment (Count III). [ECF No. 3]. In his Report, Judge Goodman found that Plaintiffs had adequately alleged their claims and recommends that the Court deny the Motion. [ECF No. 53]. Wells Fargo raises several objections to the Report, the majority of which rehash arguments it raised in the Motion. [ECF No. 81].

The Court has conducted a de novo review of the Motion and the record and agrees with Judge Goodman's well-reasoned findings that Plaintiffs have adequately alleged their claims and recommendation that the Motion be denied.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

(1) Judge Goodman's Report and Recommendation, [ECF No. 53], is **ADOPTED in full** with respect to his recommendations in this action; and

(2) Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss, [ECF No. 25], is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this **Monday, March 24, 2025.**

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE