**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:24-cv-22142-GAYLES/GOODMAN**

**FANNY B. MILLSTEIN and**
**MARTIN KLEINBART,**

      Plaintiffs,

v.

**WELLS FARGO BANK, N.A.,**

      Defendant.

                                  /

## <u>ORDER</u>

**THIS CAUSE** comes before the Court on Plaintiffs' Partial Objections to the Magistrate Judge's Order on Plaintiffs' Motion to Strike Defendant's Amended Affirmative Defenses (the "Objections"). [ECF No. 136]. The action was referred to Magistrate Judge Jonathan Goodman, pursuant to 28 U.S.C. § 636(b)(1)(B), for a ruling on all pretrial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF No. 42]. On July 9, 2025, Judge Goodman issued an order denying Plaintiffs' Motion to Strike Defendant's Amended Affirmative Defenses (the "Order"). [ECF No. 133]. Thereafter, Plaintiffs Fanny B. Millstein and Martin Kleinbart ("Plaintiffs") filed their Objections, [ECF No. 136], and Defendant Wells Fargo Bank ("Defendant") filed a response, [ECF No. 142].

Pursuant to Federal Rule of Civil Procedure 72(a), a district court reviews a magistrate judge's order on a non-dispositive matter under a "clearly erroneous or [ ] contrary to law" standard. Fed. R. Civ. P. 72(a). "Clear error is a highly deferential standard of review" and a finding of clear error is only appropriate "if the district court 'is left with the definite and firm conviction that a mistake has been committed.'" *Bradford Emergency Group, LLC. v. Blue Cross*

*and Blue Shield of Florida, Inc.*, No. 21-62139, 2022 WL 4545177, at *1 (S.D. Fla. Sep. 29, 2022) (quoting *Holton v. City of Thomasville School Dist.*, 425 F.3d 1325, 1351 (11th Cir. 2005)). "A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* (internal quotation omitted). "The standard for overturning a Magistrate Judge's Order is a very difficult one to meet." *Id.* (internal quotation omitted).

The Court has reviewed the Order and finds that it is not clearly erroneous of contrary to law. As the Eleventh Circuit has not articulated the standard for pleading affirmative defenses, the Court cannot find that Judge Goodman's findings were clearly erroneous or contrary to law. *See Thompson v. Carnival Corp.*, No. 20-22217, 2021 WL 7542956, at *2 (S.D. Fla. May 24, 2021) ("We acknowledge that there is a split of authority in the Eleventh Circuit on the question [of whether the *Iqbal/Twombly* plausibility standard applies to affirmative defenses]."). Moreover, the Court finds that Judge Goodman's rulings on the applicability of Defendants' negligence-based defenses, particularly at this stage of the litigation, were not clearly erroneous or contrary to law.

### CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Partial Objections to the Magistrate Judge's Order on Plaintiffs' Motion to Strike Defendant's Amended Affirmative Defenses, [ECF No. 136], are overruled. Judge Goodman's order, [ECF No. 133], is affirmed.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day of March, 2026.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

2